UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

PAOLA ANDREA PEREZ OBANDO,                                          Petitioner,

v.                                                        Civil Action No. 4:26-cv-10-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                            Respondents.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Paola Andrea Perez Obando, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending removal proceedings. She alleges that her detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment; she also asserts that her arrest by immigration authorities violated the Fourth Amendment. (Docket No. 1)  The Court granted the parties' joint motion to forgo a show-cause hearing given the absence of a material factual dispute (D.N. 13), and the parties have submitted briefs setting out their respective legal arguments (D.N. 12; D.N. 14). After careful consideration, the Court will grant Perez Obando's petition for the reasons explained below.

I.

Perez Obando is a native and citizen of Colombia. (D.N. 1, PageID.6; D.N. 12-1, PageID.112) She entered the United States "on or about March 12, 2023, by crossing the border near Piedras Negras, Mexico," and "voluntarily surrendered [herself] to U.S. immigration authorities." (D.N. 1-2, PageID.21 ¶¶ 2–3)  During that detention, she "underwent a credible fear interview," and an asylum officer "made a positive credible fear determination." (*Id.* ¶ 5)  On

March 31, 2023, Perez Obando was placed in removal proceedings via a Notice to Appear.[1] (D.N. 1-8, PageID.60)  On April 10, 2023, Perez Obando was released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  (D.N. 1-6, PageID.57)  Her parole was "valid for one year beginning from the date on [the] notice."[2]  (*Id.*)  Perez Obando filed an application for asylum and withholding of removal in February 2024.  (*See* D.N. 1-3, PageID.24–35; D.N. 1-2, PageID.21 ¶ 7)  Upon receiving employment authorization (D.N. 1-4, PageID.36), she worked at a sandwich shop in Bolingbrook, Illinois.  (D.N. 1-2, PageID.21 ¶ 9)  On September 29, 2025, while driving to a supermarket in Woodridge, Illinois, Perez Obando was arrested by U.S. Immigration and Customs Enforcement (ICE) officials for purported "violations of the [Immigration and Nationality Act]."[3]  (D.N. 12-1, PageID.112; *see* D.N. 1, PageID.7–8)  That same day, an arrest warrant was issued authorizing her detention under 8 U.S.C. § 1226.[4]  (D.N. 12-2, PageID.115)  Perez Obando is currently detained at the Grayson County Detention Center.  (D.N. 1-2, PageID.22 ¶ 24)

Perez Obando seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, Kentucky ICE Field Office Director Jeremy Bacon, Department of Homeland Security Secretary Kristi Noem, U.S. Attorney General Pamela Bondi, and Acting Director of ICE Todd Lyons.  (*See* D.N. 1, PageID.6)  Perez Obando alleges that her detention without a bond hearing violates the

---

[1] At that time, Perez Obando was designated as "an alien present in the United States who ha[d] not been admitted or paroled."  (D.N. 1-8, PageID.60)
[2] The parties do not appear to dispute that Perez Obando's parole expired in April 2024.  (*See* D.N. 12, PageID.107; D.N. 14, PageID.187)
[3] According to Perez Obando, "[t]he individuals who surrounded [her] vehicle did not identify themselves, did not display badges, and did not present a warrant or any documentation authorizing [her] arrest."  (D.N. 1-2, PageID.21 ¶ 12)
[4] The arrest warrant authorized detention under section 236 of the Immigration and Nationality Act (D.N. 12-2, PageID.115), which is codified at 8 U.S.C. § 1226.  *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025).  The Court uses United States Code citations in this Memorandum and Order.

Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment. (*See id.*, PageID.9–13) Additionally, she asserts that her "arrest[] without a warrant, by unidentified individuals who did not display badges [and] without any documentation," violated the Fourth Amendment.[5] (*See id.*, PageID.13–14) Perez Obando asks the Court to order her immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226. (*See id.*, PageID.5) Respondents argue that (1) Perez Obando is properly detained under § 1225(b)(2) as an applicant for admission who is seeking admission; (2) the expiration of her parole "supports Respondents' argument that she is an 'applicant for admission'"; (3) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; and (4) Perez Obando's detention does not violate due process because she "was afforded all the process [she] was due" under § 1225.[6] (D.N. 12, PageID.107–08; D.N. 12-2, PageID.149, 151)

---

[5] Respondents argue that "release from custody is not an available remedy" based on the alleged Fourth Amendment violation. (D.N. 12, PageID.108) In light of the Court's conclusion that Respondents violated Perez Obando's due process rights, the Court need not analyze the Fourth Amendment allegation. *See, e.g.*, *Padilla-Ugsha v. Ladwig*, No. 2:25-cv-03045-TLP-cgc, 2025 WL 3638007, at *8 (W.D. Tenn. Dec. 15, 2025) ("Since the Court agrees with Petitioner's arguments that Respondent has detained him under the wrong provision of the [Immigration and Nationality Act] and that his detention without a bond hearing violates his procedural due process rights, the Court need not address the . . . Fourth Amendment claim."); *Rivera Esperanza v. Francis*, No. 25-CV-8727, 2025 WL 3513983, at *9 n.4 (S.D.N.Y. Dec. 8, 2025) ("Having found that [Petitioner]'s rights under the Fifth Amendment were violated when the Government detained him . . . , the Court does not reach his alternative arguments that his detention violated the Fourth Amendment or the [Immigration and Nationality Act]."); *Londono Perez v. Moniz*, No. 25-cv-13779-FDS, 2025 WL 3653846, at *2 (D. Mass. Dec. 17, 2025) (declining to reach claims under Fourth Amendment and Administrative Procedure Act after finding petitioner was entitled to bond hearing).

[6] Respondents do not contest that the Court has jurisdiction to review Perez Obando's petition (*see* D.N. 12-3, PageID.133). *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))), *appeal docketed*, No. 26-5047 (6th Cir. Jan. 20, 2026). Nor do Respondents argue whether Perez Obando must exhaust her administrative remedies. (D.N. 12-3, PageID.147 n.4) Therefore, the Court will not address these issues.

3

II.

A.    **Immigration and Nationality Act**

Perez Obando asserts that § 1226(a), not § 1225(b)(2)(A), governs her detention and entitles her to a bond hearing. (*See* D.N. 1, PageID.9–12) Respondents argue that § 1225 authorizes Perez Obando's detention, incorporating by reference arguments in the appellate brief from *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025). (*See generally* D.N. 12-3)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025), *appeal docketed*, No. 25-6167 (6th Cir. Dec. 29, 2025). The Court thus summarizes and incorporates by reference its reasoning and determination from *Alonso*. There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he had resided in the United States for an extended period. *See id.* at *5, *7. Here, Perez Obando is an applicant for admission because she is an "alien present in the United States who has not been admitted," § 1225(a)(1), but she is not "seeking admission" under § 1225(b)(2)(A). *See Alonso*, 2025 WL 3083920, at *6 ("The phrase 'seeking admission,' though not defined in the statute, 'implies action—something that is currently occurring, and in this instance, would most logically occur at the border upon inspection.'" (quoting *Lopez-Campos*, 797 F. Supp. 3d at 781)); *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *9 (E.D.N.Y. Oct. 6, 2025) ("[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering."). Although the petitioner in *Alonso* had been present in the United States for more than a decade,

*see* 2025 WL 3083920 at *1, and Perez Obando has resided here for approximately three years (D.N. 1-2, PageID.21), this Court and others have found § 1225 inapposite where petitioners had resided in the United States for shorter periods. *See, e.g.*, *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *4 (W.D. Ky. Nov. 26, 2025) (around two years); *Hyppolite*, 2025 WL 2829511, at *1 (three years); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 481 (S.D.N.Y. 2025) (two years).

Nor is Perez Obando's expired parole a meaningful distinction.[7] Pursuant to 8 U.S.C. § 1182(d)(5)(A), "[t]he Secretary of Homeland Security may . . . in [her] discretion parole into the United States temporarily under such conditions as [s]he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." § 1182(d)(5)(A). Parole under that provision is not "regarded as an admission of the alien." *Id.* Moreover, when parole expires or is revoked, the noncitizen "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*; *see also* 8 C.F.R. § 212.5(e)(2)(i) (providing that upon termination of parole, "the alien . . . shall be restored to the status that . . . she had at the time of parole"). "[U]nder Section 1182(d)(5)(A), the day after a noncitizen's parole status is terminated, under the [Immigration and Nationality Act] that noncitizen is in the exact same position they were the day before, except that they no longer have parole status and the freedoms associated with it." *Qasemi v. Francis*, No. 25-cv-10029 (LJL), 2025 WL 3654098, at *11 (S.D.N.Y. Dec. 17, 2025). Accordingly, "Section 1182(d)(5)(A) suggests that rather than reverting to any prior status, a

---

[7] Respondents argue that Perez Obando's expired parole "has no bearing on her current detention" but that it renders her an "applicant for admission" for purposes of § 1225. (D.N. 12, PageID.107; *see id.* at 107–08) As explained above, however, the fact that Perez Obando fits within the definition of "applicant for admission" does not mean that she is necessarily also "seeking admission" and thus subject to mandatory detention.

noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in [the United States] who are not subjected to" mandatory detention under § 1225(b).  *Id.* (quoting *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065 (NJC), 2025 WL 3314420, at *17 (E.D.N.Y. Nov. 28, 2025)); *see also id.* at *12 ("Therefore, any determination as to Qasemi's detention must be conducted under the discretionary framework of Section 1226(a).").

Respondents additionally argue that their position "does not render Section 1226(c) superfluous."  (D.N. 12-3, PageID.149)  They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect."  (*Id.*, PageID.166)  As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'"  2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)).  "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well."  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted).  Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, the Court concludes that Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE

6

would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").[8]

Consistent with its prior decisions addressing the same issue, the Court concludes that Perez Obando is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh*, 2025 WL 3298080, at *5; *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

**B.      Due Process**

Perez Obando asserts that her detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.12–13)   Respondents argue that "Section 1225(b)(2) does not afford Petitioner the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 12-3, PageID.176)    Because Perez Obando is detained under § 1226, not § 1225, Respondents' argument as to the due process required by § 1225(b)(2) is futile. *Singh*, 2025 WL 3298080, at *5.

---

[8] Respondents also maintain that their position is consistent with the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 12-3, PageID.173–75) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 12-3, PageID.175) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

7

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera*, 2025 WL 2690565, at *6). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Perez Obando "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Perez Obando] of [her] freedom is high if the [immigration judge] fails to assess [her] risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 2025 WL 2829511, at *15. Thus, because all three *Mathews* factors

weigh in Perez Obando's favor, the Court concludes that her detention violates due process. *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)  Perez Obando's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Perez Obando, and, in the event she is arrested and re-detained, provide her with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **Friday, January 23, 2026**.

(2)  Upon receipt of the notice of compliance, this matter will be **CLOSED**.

January 21, 2026

David J. Hale, Chief Judge
United States District Court